■ In the Matter of the Claim of GLORIA J. GOETTEL, Respondent, against UNITED HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant, a nurse, has been awarded disability compensation based upon a finding that she contracted tuberculosis in 1951 while employed by United Hospital, the employer appellant. Appellants contend that there is no substantial evidence to support the award. Claimant trained at Grasslands Hospital from 1941 to 1944. Grasslands is a tuberculosis hospital, and claimant came in contact with tubercular patients there. X rays of claimant taken during this period were negative. When claimant entered Grasslands she had a negative tubercular reaction, but in 1943 she had a positive reaction which showed tuber-

culous infection, but not active disease. In 1947 claimant went to work for United, the employer herein, and worked part time as a floor nurse. She also worked as a private duty nurse at United, in the employ of individual patients. United was not a tuberculosis hospital and does not ordinarily take tuberculosis patients. There is evidence that a patient suffering from active tuberculosis was admitted to United Hospital as an obstetrical patient in February, 1951. From 7:00 A.M. until 3:00 P.M. daily this patient had a private nurse. During the remaining hours floor nurses, of which claimant was one, gave her the normal nursing care for a few days. Claimant also cared for tubercular patients as a private nurse while she was not in employ of United. Claimant was hospitalized five times during 1945 to 1949, inclusive, four occasions being for childbirth, two of them stillbirths. On March 31, 1951, claimant suddenly began to hemorrhage at home, and upon hospitalization X rays showed tuberculosis cavitation in the lungs. Claimant's attending physician was a general practitioner and left the question of causal relation to a specialist to whom he referred his patient. Two specialists in chest diseases testified that claimant's contact with the obstetrical patient in February of 1951 bore no relation to her condition found on March 31, 1951. They reasoned that the cavitation was too extensive to have developed in such a short period of time, and that her condition was endogenous and was due to a reactivation of an older infection due to run-down body resistance. The only medical evidence tending to support the award at all is that given by Dr. Childress. Nowhere in the record does Dr. Childress express an opinion with reasonable medical certainty that claimant's tuberculosis was caused by contact with a patient at United Hospital. Moreover, he expressed no opinion at all as to the cause of the disease in this particular claimant. His testimony dealt almost entirely with theoretical possibilities in general. In answer to a hypothetical question which did not include unfavorable aspects of claimant's history, he testified, when limited to whether he had an opinion: "In this particular case, is it theoretical or does it apply to this case?", and then, "On this hypothetical question I can say yes, on this hypothetical question I can only say yes", and, "Well, yes, I'd say so." When he came to express the opinion it was: "I will say that if any person has any contact with an active tuberculosis may be in danger of developing the disease." This type of evasive and abstract testimony, when viewed in the light of the whole record, may not be regarded as substantial evidence. Award reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.